ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 30 2008
at 3 o'clock and 07 min. P M
SUE BEITIA, CLERK

EDWARD H. KUBO, JR.   #2449
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS     #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALBERT POWELL, III,<br><br>          Defendant. | CR. NO. 06-00066 DAE<br>CR. NO. 03-00495-06 DAE<br><br>PRELIMINARY ORDER OF<br>FORFEITURE |

PRELIMINARY ORDER OF FORFEITURE

As a result of the guilty plea on Count 9 of the Indictment in Cr. No. 03-00495 DAE, for which the government sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), as set out in the Information in Cr. No. 06-00066 DAE, Defendant ALBERT POWELL III shall forfeit to the United States all property involved in or traceable to offenses involving 18 U.S.C. § 1956(h);

The Court has determined, based on Defendant's Memorandum of Plea Agreement, filed in the above-captioned cases on February 7, 2006, and the Supplement to the Memorandum of Plea Agreement, filed herein on June 30, 2008, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), and that the government has established the requisite nexus between such property and such offenses:

> $12,000 in United States currency seized on September 22, 2003, from Defendant ALBERT POWELL III's backpack at the Honolulu International Airport

(the above-referenced property is hereinafter referred to as the "Subject Property").

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the Subject Properties in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide

written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1), which all incorporate 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: JUN 3 0 2008, at Honolulu, Hawaii.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
CHRIS A. THOMAS
Assistant U. S. Attorney

_____
BARRY D. EDWARDS, ESQ.
Attorney for Defendant
ALBERT POWELL III

USA v. Albert Powell III; Cr. Nos. 06-00066 DAE and 03-00495-06 DAE; "Preliminary Order of Forfeiture"